**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

FREDERICK WESTBROOK,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀No. 4:23-CV-01291-NCC
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
MISSY LICKTEIG,⠀⠀⠀⠀⠀⠀⠀⠀)
J. CHRISTY, and STL TODAY,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀)

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Frederick Westbrook's (1) first application for leave to proceed in the district court without prepaying fees and costs, and (2) Plaintiff's motion to appoint counsel. For the following reasons, the application for leave to proceed without prepaying fees and costs will be denied as moot and the motion to appoint counsel will be denied without prejudice.

**Application to Proceed in District Court Without Prepaying Fees and Costs**

On October 12, 2023, Plaintiff filed three documents: (1) his complaint, (2) his application to proceed in the district court without prepaying fees and costs, and (3) his motion to appoint counsel. Upon review, the Court ordered Plaintiff to refile his complaint and his application to proceed in the district court without prepaying fees and costs on Court-provided forms. Plaintiff complied with the order and filed his amended documents on Court forms on October 25, 2023.

Because Plaintiff has filed a second application to proceed in the district court without prepaying fees and costs on a Court-provided form, the Court will deny as moot his first application.

**Motion to Appoint Counsel**

Plaintiff has also filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's first application to proceed in the district court without prepaying fees and costs is **DENIED as moot**. [Doc. 2]

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED**

**without prejudice**. [Doc. 3]

Dated this 9th day of February, 2024.

                                           /s/ Noelle C. Collins

                                      NOELLE C. COLLINS
                                      UNITED STATES MAGISTRATE JUDGE